19361—Earl D. Rockey v. Clara F. Rockey et al; motion for an order directing the Court of Appeals of Geauga County to certify its record. J. K. Rockey, Lima, atty. for pltf; H. O. Bostwick, Chardon, atty. for deft.

19362—Viniman Turk v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. D. H. Armstrong, Columbus, attys. for pltf; C. C. Crabbe, John W. Bricker, Columbus, atty. for deft.

### SEPT. 25, 1925

19363—Thomas L. Hahn et al v. Raper Ray; motion for an order directing the Court of Appeals of Champaign County to certify its record. U. G. Hahn, Bellefontaine; Buroker & Zimmer, Urbana; Hahn & Rose, Columbus, attys. for pltf; A. C. Bolinger and Deaton, Bodey & Bodey, Urbana, attys. for deft.

### SEPT. 28, 1925

19364—State of Ohio ex rel C. L. Bloker v. Henry M. Gabel et al; action in mandamus. Henry M. Gabel et al, H. C. DeRan, Fremont, attys. for pltf; for deft, not given.

19365—State ex rel Lloyd Diment v. Henry M. Gabel et al; action in mandamus. H. C. DeRan, Fremont, atty. for pltf.

## Weekly Abstract of PENDING CASES

### No. 838

CLEVELAND TR. CO. et v. SCOBIE, Admr.

#### No. 19332. Supreme Court

On motion to certify. Dock. Aug. 24, 1925; 3 Abs. 546.

126. BANKS AND BANKING—1. Where pass book is taken out in the names of two parties and it contains this entry: "Either may draw balance at death of either payable to survivor," does right of survivorship exist under statutes?

2. Would some other form of transfer be necessary to complete vesting of interest in survivor?

3. Is the issuance of a receipt for bank book by bank to one of two parties in whose names the account lies, indicative of a retention of dominion by that person over the account?

On Feb. 29, 1924, the Cleveland Trust Co. issued its pass book in the names of Jerome C. Green and Annie Richardson" containing this entry. "Either may draw balance at death of either payable to survivor." Green deposited $4735.30 and died on Sept. 29, 1924, at which time there was $5980.32 to the credit of the account. It was also provided that Richardson be authorized to withdraw all or any part of the balance.

Upon Green's death Harry Scobie was appointed administrator of his estate and he brought action against the Bank in the Cuyahoga Common Pleas to obtain payment of the balance of the account, in which action Mrs. Richardson was also made party defendant. Mrs. Richardson filed an answer alleging that she is the legal and equitable owner of the funds in possession of the Bank and entitled to possession thereof.

The Bank appealed the case from the judgment of the Common Pleas and the Court of Appeals decided in favor of Scobie.

The Bank contends that it held the deposit book for both parties and while Green held the receipt for the book, this was only what it purported to be and gave him no more custody or control of the bank book than was held by Mrs. Richardson. The bank's employes testified that if she had called without the receipt she could have obtained the book and made withdrawals against the account.

It is claimed therefore that the Court of Appeals was unwarranted in drawing the conclusion that the fact that the Bank issued such a receipt indicated the retention of a dominion by Green over that account. This receipt was merely issued to show that the bank held the book, and gave the holder of it no exclusive right to the book as against the other party entitled to draw money on the account.

It is also contended that the conclusion of the Court of Appeals is also unwarranted, holding that some other form of transfer was necessary in order to complete the vesting of Mrs. Richardson's interest in the account. The joint account was made at the time the account was first created. From the beginning it stood in the names of Green and Richardson. Why should an assignment or transfer be needed to establish a joint interest in the account in Mrs. Richardson?

Though it is commonly said that there is no joint tenancy in Ohio based on early decisions, it does not follow that a right of survivorship can not, with or without statutory approval,

be created by an appropriate instrument. It is further claimed that it has never been held that there is any public policy which should prevent the creation of the right of survivorship when the parties desire it. "A deposit may be joint with the right of survivorship, and where such a deposit is made, the presumption is that the interest of the joint depositors is equal."

It is claimed that 9648; 710-120 and 5332 GC. all provide for the right of survivorship; and the legislature in their enactment intended to be consistent and in providing that the bank should be relieved of all liaiblity in event it paid the money to the survivor, did so upon the theory that such survivor was the rightful party entitled to the money.

Attorneys—Garfield, MacGregor & Baldwin for Trust Co.; W. R. Walker for Scobie; all of Cleveland.